Irish *v.* Huested.

---

William Irish, executor, &c., *vs.* George Huested and others.

A testator, by the third clause of his will, ordered and empowered his executors to sell all ·the rest of his real estate whatsoever, &c., and declared that all his real estate, except &c., should be considered as absolutely converted into personal estate from the time of his decease, and should be sold and converted into money, for the sake of a more easy division among those thereinafter named; and that when so sold and converted into money, it should, together with the residue of his personal property, be disposed of, held, divided and distributed as thereinafter mentioned. By the 6th clause all his real estate, except &c., was devised to his two daughters, H. and S. each one quarter, one quarter to the children of a deceased daughter, L., and one quarter to the children of R., another deceased daughter; subject to the power of sale and to the possession and control of the executors until sold, and to be treated as personal property from the time of the testator's decease, and not subject to partition or division until sold and converted into money.

*Held* that the real estate was by the will converted into personalty from the death of the testator.

And that, considered as personalty, the share of one of the daughters, who was a married woman, would be and remain her sole and separate prop-

erty, not subject to her husband's control during her life, and within her absolute power of disposal by will.

That if she did not see fit to dispose of it by will, the provisions of the revised statutes (3 *R. S. 5th ed.* 185, *sec.* 86) would attach to it upon her death, and thereby the husband would become the absolute owner of it.

The testator further directed, in the same will, that in case either of his daughters should die without lawful issue, the part or share of her so dying should go to her surviving sister, and the children of his already deceased daughters, to be divided among the latter *per stirpes* and not *per capita;* and if either or any of the children of the deceased daughters should die without lawful issue, the survivor or survivors should receive the share or shares of the deceased. *Held* that although there was a *manifest intent* clearly inferrible from the tenor of the will, that the real estate should go to the use of the testator's children and grandchildren, such interest could not be held to stand in lieu of a *limitation over* to the children of S., one of his daughters. after her death, if she should die leaving children.

THIS action was brought by the plaintiff as one of the executors of &c. of Samuel Ludington, deceased, for a construction of the last will and testament of his testator, and to obtain the direction of the court as to the disposition to be made of certain portions of the estate. The defendants were George Huested, one of the executors, and the widow and heirs of the deceased. The will contained the following among other provisions :

" *Third.* It is my will, and I hereby order and direct, authorize and empower my executors hereinafter named, and the survivor or survivors of them, to sell all the rest of my real estate, whatsoever and wheresoever the same may be situated, and whereof I may die seised, including the farm on which I now reside, together or in parcels, either at public auction or at private contract, and subject to such stipulations relating to the title or the payment of .the purchase money, (part thereof may be allowed to remain on bond and mortgage of the estate sold for any reasonable time,) or to any other matters connected with the.sale, as my said executors shall judge expedient, or as their counsel shall advise ; which sale or sales of such real estate shall be made as soon as conveniently may be after my decease, consistently with a fair

price being obtained on such sale or sales. And I also authorize and empower my said executors to execute such instruments and assurances as shall be requisite for completing the sale of my said real estate or any part thereof as aforesaid; and until such sale of my said real estate, it is my will, and I hereby direct and authorize my said executors and the survivor or survivors of them to take charge of, manage and rent the same, and to take and receive the rents, issues and profits thereof. And I further direct that my said executors shall also sell all my personal property which is not herein specifically disposed of, as soon after my decease as conveniently may be, and convert the same into money. And I further declare that all my real estate, except that which I have hereinabove devised to my said son Myron, shall be considered as absolutely converted into personal estate from the time of my decease, and shall be sold as aforesaid and converted into money, for the sake of a more easy division among those hereinafter named; and when so sold and converted into money, shall, together with the residue of my personal property which may remain after paying my debts, funeral expenses, and meeting the provisions hereinbefore made in favor of my said wife, and the legacy to my said son Myron, and such legacies as may be hereinafter specified, and such provisions as may be made herein, and together also with what may have accrued and come to the hands of my said executors from the rents, issues and profits of my real estate as aforesaid, or from any other source, be disposed of, held, divided and distributed as hereinafter mentioned, by my said executors.

*Sixth.* I give and devise all my real estate, except that hereinbefore devised to my son Myron, to my two daughters, Harriet, wife of William Irish, and Sarah, wife of George Huested, each one quarter thereof; and to Matthew Van Allen and Sarah Van Allen, children of my deceased daughter Lydia, one quarter, subject to the deduction of two hundred dollars as above charged to and to be deducted from the share of the

said Sarah Van Allen; and to the children of my daughter Ruth Ann, late the wife of Noah Lake, and now deceased, the other quarter, subject, however, to the power of sale aforesaid and the possession and control of the executors until sold, and to be treated as personal property from the time of my decease, and not subject to partition or division among them (except such rents and profits thereof as may come into the hands of my executors) until the said real estate shall be sold and converted into money as above provided.

*Seventh.* All the rest and residue of my personal estate not hereinbefore specifically disposed of, (after payment of my debts, funeral expenses, expenses of my executors, and providing for the trust funds as aforesaid,) including the money which my said executors shall receive for my real estate on its sale as provided, I divide into four equal shares, and bequeath the same as follows: To my said daughters, Harriet and Sarah, each one quarter, and to my said grandchildren, the children of my deceased daughter Ruth Ann, one quarter, to be equally divided between them; and to the said children of my deceased daughter Lydia the other quarter, to be equally divided between them, and subject to an advancement of two hundred dollars as aforesaid, to be deducted from the share of the said Sarah Van Allen. And I further provide that in case either of my said daughters shall die without lawful issue, then I give and bequeath the part or share of her so dying to her surviving sister and the children of my deceased daughters, to be divided among the latter per stirpes and not per capita; and if either or any of the children of my said deceased daughters shall die without lawful issue, the survivor or survivors in each case shall receive the share or shares of the deceased."

The complaint alleged that the defendant George Huested had been requested to join in the action, and had refused; that the testator died Feb. 6, 1861, leaving him surviving Lydia Ludington his widow, Oliver Ludington, Sarah Huested, wife of the defendant George Huested, Harriet Irish,

Irish *v.* Huested.

wife of the plaintiff, and Myron W. Ludington, his children, and several grandchildren, his only next of kin and heirs at law. On the 28th of Nov. 1861, Mrs. Huested died intestate, leaving children, and on the 9th of Dec. 1861, Oliver Ludington died. The real estate of the testator referred to in the 3d and 6th items of the will has not yet been sold or converted into money, but is still worked and managed by said executors. The personal estate is undistributed. Said real estate is worth $23,000 ; the personal $10,000. The executors are desirous of closing the estate, and conflicting claims arise between the defendant George Huested, as surviving husband of the testator's deceased daughter Sarah, and the infant defendants, Charles and John Huested, as heirs at law and next of kin of said Sarah. The question to be settled in this action was, who is entitled to the share of said Sarah in the estate of her father, the said testator ?

The cause was tried at the Columbia circuit, held in September, 1862, Hon. THEODORE MILLER presiding, and a verdict in favor of plaintiff—establishing and deciding that the infant defendants, Charles and John Huested, are entitled to the whole estate and interest in the real and personal property of the said Samuel Ludington, deceased, mentioned and described in the complaint, that their mother, Sarah Huested, the wife of the defendant George Huested, (were she living,) would now be entitled to, by virtue of the last will and testament of said Ludington—was by direction of the court duly ordered and entered, subject, however, to the opinion of the court at a general term. The case now came before the court, upon application for judgment upon said verdict, in accordance with the provisions thereof.

*Gaul & Esselstyn,* for the plaintiff and infant defendants.

*A. Bingham,* for defendant George Huested.

*D. B. Beach,* for other defendants.

*By the Court,* GOULD, J. Although the'testator, (Samuel Ludington,) in the 6th clause of his will, devises the mere naked legal title of his real estate to his two daughters and his grandchildren, yet even in that clause he stamps it with the character of *personalty,* in terms as explicit as those he had'previously used in regard to the same property. Those terms are too.positive and broad for this court to put them aside, and consider the bequests of the several quarters of the proceeds of the sale of his real estate as realty.

Considered as personalty from the death of the testator, Mrs. Huested's one quarter, by sec. 1 of chap. 90 of laws. of 1860, (*Laws* 1860, *p.* 157,) must "be and remain her sole and separate property," not subject to her husband's control during her life, and within her absolute power of disposal by will. Still, if she did not see fit.to dispose of it by will, (there being no intervening trustee, and no trust to be executed, and as she died leaving children, no limitation over) · the·revised statutes (3*d vol. 5th ed., p.* 185, § 86) would attach to it upon her death, and thereby the husband would become the absolute owner of it; that section providing that the "personal estates of married women" are to be "demanded, recovered and enjoyed" by their husbands, "as they are entitled by the rules of the common law." And this section is but a different form of enacting the former law of this state, (*see* 1 *R. L.* 314, § 17,) under which it has always been held that a married woman's personal estate, upon her death, ("intestate" in the R. L., i. e. when she had the power to make, but did not make, a will,) becomes the husband's.

It is claimed, however, that the *manifest intent* of the testator that this property should go to the use of his children and grandchildren, shall be held to stand in lieu of a *limitation over* to Mrs. Huested's children after her death, if she died leaving children. And this intent, it is claimed, is a necessary implication, from the fact that the will provides that in case either Mrs. Huested or Mrs. Irish should die

leaving no lawful issue, her share should go to her surviving sister and the children of the two already deceased daughters of the testator, to the exclusion of her husband.

Such intent certainly seems clearly inferrible from the tenor of the will; but for courts to attempt to *make complete*, by inserted provisions, an instrument which the testator has left incomplete, seems a dangerous assumption of power; and it is in this case probably better to submit to the consequences of the omission, and allow the mother's property to be diverted from the children, than to establish a precedent so liable to perversion.

As to Mrs. Huested's children's share of the property left in trust for Oliver Ludington and the widow, Mrs. Huested has no right thereto, since they take directly from the testator the share which their mother would have had had she survived those parties. But they do not take *through* their mother—she never having had any interest in those funds.

Judgment should be entered in accordance with these views.

[ALBANY GENERAL TERM, March 3, 1863. *Gould, Hogeboom* and *Miller*, Justices.]